IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| ALEXANDER SALMONS,<br><br>Plaintiff,<br><br>v.<br><br>META PLATFORMS, INC.;<br>FACEBOOK HOLDINGS, LLC;<br>FACEBOOK OPERATIONS, LLC;<br>FACEBOOK PAYMENTS, INC.;<br>FACEBOOK TECHNOLOGIES, LLC;<br>INSTAGRAM, LLC; SICULUS, INC.<br><br>Defendants. | Case No. 5:22-cv-00391 |

**JOINT MOTION TO STAY ALL DEADLINES PENDING DECISION OF JUDICIAL PANEL ON MULTIDISTRICT LITIGATION ON MOTION TO TRANSFER AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Alexander Salmons and Defendants Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram, LLC, and Siculus, Inc. (collectively, "Meta," and, together with Plaintiff, the "Parties"), by and through their respective counsel of record, hereby move the Court to stay all proceedings in the above-titled case, pursuant to Federal Rule of Civil Procedure 6, pending a transfer decision by the Judicial Panel on Multidistrict Litigation (the "MDL Panel"), and state the following in support of the motion:

On August 1, 2022, Plaintiff Brianna Murden filed a motion with the MDL Panel (a) seeking to coordinate or consolidate 28 other actions similar to this action and (b) asking the MDL Panel to transfer the centralized cases to the Northern District of Illinois or the Western District of Missouri pursuant to 28 U.S.C. § 1407. *See* Mot. for Transfer and Coordination or Consolidation under 28 U.S.C. § 1407, *In re Social Media Adolescent Addiction/Personal Injury Product Liability Litigation*, MDL No. 3047 (J.P.M.L.) (the "MDL Transfer Motion") (attached as Exhibit A).

The MDL Panel has ordered that responses to the MDL Transfer Motion were to be filed by August 30, 2022, and that replies shall be filed by September 6, 2022. Order, *In re Social Media*, MDL No. 3047, ECF No. 26. The MDL Panel set a hearing date of September 29, 2022 to consider the MDL Transfer Motion. Order, *In re Social Media*, MDL No. 3047, ECF No. 6.

This action has been tagged for potential inclusion in any coordinated proceeding created by the MDL Panel (*see In re: Social Media*, MDL No. 3047, ECF No. 52-1), and for this reason, the Parties agree that all activity and deadlines in this case should be stayed pending the MDL Panel's decision. A stay would promote judicial economy by avoiding the possibility of duplicative litigation, and the Parties agree that no party would be prejudiced by the issuance of a stay.

## MEMORANDUM OF LAW

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and

effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Thus, a district court "has discretion to stay proceedings pending a decision by the [MDL] Panel regarding transfer." Charles A. Wright & Arthur R. Miller, 15 *Federal Practice & Procedure Civ.* § 3866.1 (3d ed.).

Courts frequently stay proceedings where, as here, a case is in its early stages and a decision from the MDL Panel on a motion to transfer is pending. *See, e.g.*, *Reid v. Bayside Orthopaedics, Inc.*, No. 8:21-CV-2678, 2021 WL 6644368, at *1 (M.D. Fla. Dec. 20, 2021); *Roberts v. Bristol-Meyers Squibb Co.*, No. 8:16-CV-2153, 2016 WL 4734388, at *1 (M.D. Fla. Aug. 17, 2016); *see also* Wright & Miller, 15 *Federal Practice & Procedure Civ.* § 3866.1 n.16 (collecting cases).

Stays have already been entered in other actions pending resolution of the MDL Transfer Motion. *See* Order, *Rodriguez v. Meta Platforms, Inc.*, No. 3:22-cv-00401 (N.D. Cal. Aug. 2, 2022), ECF No. 100 ("In light of the JPML proceedings, MDL No. 3047, the case is stayed pending further order."); Order, *Heffner v. Meta Platforms, Inc.*, No. 3:22-cv-03849 (N.D. Cal. Aug. 2, 2022), ECF No. 13 (same); Order, *Aranda v. Meta Platforms, Inc.*, No. 3:22-cv-04209 (N.D. Cal. Aug. 2, 2022), ECF No. 13 (same); Order, *Guerrero v. Meta Platforms, Inc. et al.*, No. 1:22-cv-00750 (D. Del. Aug. 5, 2022), ECF No. 15 (same); Order, *Waddell v. Meta Platforms, Inc. et al.*, No. 2:22-cv-00112 (N.D. Ga. Aug. 5, 2022), ECF No. 32 (same); Order, *Charles v. Meta Platforms, Inc. et al.*, No. 1:22-cv-21721 (S.D. Fla. Aug. 8, 2022), ECF No. 21 (same); Order, *Carter v. Meta Platforms, Inc. et al.*, 3:22-cv-01343 (N.D. Tex. Aug. 8, 2022), ECF No. 11 (same);

Order, *Tanton v. Meta Platforms, Inc. et al.*, No. 3:22-cv-00411 (M.D. Tenn. Aug. 8, 2022), ECF No. 22 (same); Order, *Roth v. Meta Platforms, Inc., et al.*, No. 1:22-cv-02968 (N.D. Ill. Aug. 9, 2022), ECF No. 18 (same); Order, *Estevanott v. Meta Platforms, Inc. et al.*, No. 6:22-cv-3149 (W.D. Mo. Aug. 9, 2022), ECF No. 17 (same); Order, *Harris v. Meta Platforms, Inc. et al.*, No. 3:22-cv-01420 (D. Colo. Aug. 9, 2022), ECF No. 22 (same); Order, *White v. Meta Platforms, Inc. et al.*, No. 5:22-cv-00189 (E.D. Ky. Aug. 10, 2022), ECF No. 18 (same); Order, *Camacho v. Meta Platforms, Inc. et al.*, No. 4:22-cv-01815 (S.D. Tex. Aug. 11, 2022), ECF No. 27 (same); Order, *Isaacs v. Meta Platforms, Inc. et al.*, No. 1:22-cv-03883 (N.D. Ill. Aug. 11, 2022), ECF No. 19 (same); Order, *C.N. et al. v. Meta Platforms, Inc.*, No. 4:22-cv-4283 (N.D. Cal. Aug. 15, 2022), ECF No. 19 (same); Order, *Martin v. Meta Platforms, Inc.*, No. 3:22-cv-04286 (N.D. Cal. Aug. 15, 2022), ECF No. 17 (same); Order, *Seekford v. Meta Platforms, Inc. et al.*, No. 4:22-cv-03883 (N.D. Cal. Aug. 15, 2022), ECF No. 18 (same); Order, *Craig v. Meta Platforms, Inc. et al.*, No. 1:22-cv-00087 (W.D. Ky. Aug. 17, 2022), ECF No. 21 (same); Order, *Ely v. Meta Platforms, Inc. et al.*, No. 1:22-cv-00268 (S.D. Ala. Aug. 17, 2022), ECF No. 16 (same); Order, *Dorsey v. Meta Platforms, Inc. et al.*, No. 1:22-cv-01873 (D. Md. Aug. 19, 2022), ECF No. 16 (same); Order, *Flatt et al. v. Meta Platforms, Inc. et al.*, No. 3:22-cv-0453 (N.D. Cal. Aug. 19, 2022), ECF No. 16 (same); Order, *Spence et al. v. Meta Platforms, Inc.*, No. 4:22-cv-03294 (N.D. Cal. Aug. 19, 2022), ECF No. 29 (same); Order, *M.C. et al. v. Meta Platforms, Inc., et al.*, No. 4:22-cv-04529 (N.D. Cal. Aug 22, 2022), ECF No. 26 (same); Order, *Seekford v. Meta Platforms, Inc. et al.*, No.

4:22-cv-03883 (N.D. Cal. Aug. 24, 2022), ECF No. 18 (same); Order, *Dienes v. Meta Platforms, Inc. et al.*, No. 2:22-cv-01166 (W.D. Pa. Aug. 30, 2022), ECF No. 15 (same); Order, *Johnson et al. v. Meta Platforms, Inc. et al.*, No. 1:22-cv-01260 (C.D. Ill. Aug. 30, 2022), ECF No. 17 (same); Order, *Williams v. Meta Platforms, Inc. et al.*, No. 1:22-cv-03470 (N.D. Ill. Aug. 30, 2022), ECF No. 21 (same); Order, *Wishkin v. Meta Platforms, Inc. et al.*, No. 3:22-cv-01286 (M.D. Pa. Aug. 30, 2022), ECF No. 10 (same); Order, *T.K. et al. v. Meta Platforms, Inc. et al.*, No. 3:22-cv-04588 (N.D. Cal. Sept. 1, 2022), ECF No. 15 (same).

Here, this litigation is in its very early stages. Plaintiff filed the Complaint on September 1, 2022. Meta's responsive pleading is currently due October 31, 2022. Good cause exists to issue a stay because the case ultimately may be transferred to another court. Therefore, a stay pending the MDL Panel's decision would avoid the possibility of duplicative litigation and therefore serve the interests of judicial economy and efficiency. This is the first request by any Party for an extension of time in this Action, and no prior extensions have been granted.

The Parties agree that if this case is not transferred under Section 1407, the Defendants shall have 30 days from the date of the MDL Panel's decision to file its response to the Complaint.

All Parties respectfully reserve all other rights, including but not limited to with respect to any position taken by the Parties before the MDL Panel, Plaintiffs' ability to dismiss their claims against Defendants during the pendency of the stay, and Defendants' ability to object to issues related to service and/or jurisdiction.

## CONCLUSION

Wherefore, for the foregoing reasons and good cause shown, the Parties respectfully request that this Court stay all deadlines in this case pending a decision from the MDL Panel. The Parties further move that, if this case is not transferred under Section 1407, the Defendants shall have 30 days from the date of the MDL Panel's decision to file its response to the Complaint.

## LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), the Parties have conferred and, as noted, the Parties jointly request the relief requested herein.

Dated: September 12, 2022

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ Emily Jeffcott* | */s/ Brian T. Guthrie* |
| Emily Jeffcott | Brian T. Guthrie, Esq. (FBN 84232) |
| Morgan & Morgan | SHOOK HARDY & BACON LLP |
| 220 W. Garden Street 9th Floor | 100 N. Tampa St., Suite 2900 |
| Pensacola, FL 32502 | Tampa, FL 33602 |
| Tel: 850-316-9100 | Telephone: (813) 202-7100 |
| Email: ejeffcott@forthepeople.com | Facsimile: (813) 221-8837 |
| | bguthrie@shb.com |
| Narmeen Nkeiti | |
| Morgan & Morgan | *Attorney for Defendants Meta Platforms, Inc., Facebook Holdings, LLC, Facebook Operations, LLC, Facebook Payments, Inc., Facebook Technologies, LLC, Instagram, LLC, and Siculus, Inc.* |
| 20 N. Orange Ave. Suite 1600 | |
| Orlando, FL 32801 | |
| Tel: 407-241-3825 | |
| Email: nnkeiti@forthepeople.com | |
| | |
| *Attorneys for Plaintiff* | |

4893-3332-4082

## CERTIFICATE OF SERVICE

I certify that, on September 12, 2022, a true and correct copy of this motion was filed through the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

<u>/s/ Brian T. Guthrie</u><br>
Brian T. Guthrie